B & C TRUCKING CO., Ltd., Plaintiff,

v.

HOLMES & NARVER, INC., Defendant and Third-Party Plaintiff,

and

McPHERSON CONCRETE PRODUCTS, INC., First Insurance Company of Hawaii, Ltd. and City Bank of Honolulu, Third-Party Defendants.

Civ. No. 2413.

United States District Court
D. Hawaii.

Jan. 25, 1966.

Donald A. Beck, Honolulu, Hawaii, for plaintiff.

Clinton R. Ashford, Honolulu, Hawaii, for defendant and third-party plaintiff.

Orville E. Ross, Honolulu, Hawaii, for third-party defendant, McPherson Concrete Products, Inc.

Frank D. Padgett, Honolulu, Hawaii, for third-party defendant, First Insurance Co. of Hawaii, Ltd.

Hiroshi Sakai, and Allen I. Marutani, Honolulu, Hawaii, for third-party defendant, City Bank of Honolulu.

**318**

PENCE, Chief Judge.

Plaintiff, B & C Trucking Co., Ltd. (B & C), here claims damages for nonpayment for trucking services furnished to McPherson Concrete Products, Inc. (McPherson), in connection with performance by McPherson of its (sub)contract to supply materials to defendant Holmes & Narver, Inc. (H & N), for H & N's contract with the U. S. Atomic Energy Commission (AEC).

Under its AEC contract, H & N was entitled to charge AEC for H & N's legal consulting services and litigation expenses incurred, subject to AEC's inspection and audit. H & N's retainer agreement with Ashford, its attorney for the instant litigation, was subject to approval by the AEC.

Article 16b of the AEC–H & N contract requires (1) immediate notice by H & N to the AEC of all actions arising out of the performance of the contract, and (2) or of any claim which is allowable under the article entitled "Allowable Costs." Thereby, only *notice* of specified actions or claims is required, nothing more. Section b further requires transmission by H & N to AEC of copies of "all pertinent papers *received* by the Contractor" of such actions or claims. (Emphasis supplied) [1]

Upon being notified of the instant suit and Ashford's retainer, AEC instructed Ashford to send all pleadings to Fleming, AEC's counsel, and keep Fleming informed, at all times, concerning the instant litigation.

Among the letters, memos, and messages sent to AEC by H & N, through its house counsels, Moon and Gill, as well as its litigation counsel Ashford, were these items:

*Exhibit A*

"(1) Copy of letter dated November 20, 1964, from Raymond Gill to Bernard W. Menke [of AEC] reporting on lawsuits filed and upon litigation contemplated, both concerning the McPherson purchase orders."

"(3) Original and one copy of letter dated October 11, 1965, to Thomas O. Fleming from Albert I. Moon concerning questions asked by Beck [attorney for B & C] in his letter to Fleming dated September 17, 1965."

"(6) Copy of telegraphic message dated October 29, 1965, from Mr. Moon to Mr. Fleming concerning setting of Bonnett's [of AEC] deposition and telegraphic reply dated October 29, 1965, from Fleming to Moon."

"(7) Copy of letter dated November 2, 1965, from Richard C. Amick [of AEC] to Clinton R. Ashford transmitting deposition of John H. Schlosser."

"(9) Original of letter dated November 4, 1965, from Clinton R. Ashford to Richard Amick requesting return of depositions and copy of reply dated November 9, 1965, from Richard C. Amick to Clinton R. Ashford."

*Exhibit B*

"(3) Copy of [Moon's] memo to the files (copy to Mr. Fleming) dated August 26, 1965, concerning concrete planks and lids still remaining at McPherson's plant and interest of various parties in the same."

Plaintiff served AEC with a subpoena to produce those items for plaintiff's inspection. Thereafter, H & N moved this court for a protective order under Fed. R.Civ.P. 30(b) and (d), claiming that all are privileged communications under either the attorney-client or attorney's-work product privilege, or both. The defendant further urges that it was compelled to transmit those items to AEC

---

1. The pertinent AEC Procurement Regulations promulgated under 42 U.S.C. § 2201 (p) and having the force and effect of law, are identical with the requirements of Article 16b.

under its contract and the Regulations, and therefore such transmission could not be construed as a waiver of privilege. It is obvious, therefore, that the issue of waiver of privilege is the initial issue for determination by this court.

Plainly, there is nothing confidential in the nature of disclosures required by Article 16b of the AEC–H & N contract. "Actions" are a matter of public record. "Claims" are known by at least the claimant. Compliance with (1) or (2) requires disclosure of no matter which could be protected by a claim of privilege based on confidentiality such as those asserted by defendant in this case.

■ Article 16b does but require transmission to AEC of all pertinent papers *received* by H & N pertaining to the actions and claims referred to therein. Excluding item 7 of Exhibit A, supra, (to be dealt with below), none of the items sent AEC were copies of any such pertinent papers "received" by H & N. To the contrary, all originated in the offices of H & N or its attorneys. Section b clearly does not require the transmission to AEC of internal communications between the contractor, H & N, and its attorneys which might contain legal conclusions or mental impressions or work product of its counsel.

■ AEC is not a party to this action. By its contract, AEC has no control over the manner in which H & N carries out its defense thereto. While interested, because of H & N's possible claims against it for litigation expenses, it is but a semi-adverse outsider, a third party, as the contract wording reflects. No disclosure by H & N attorneys to AEC's attorneys could be categorized as exchange of information between counsel on the same side of litigation. The presumption

can only be, therefore, that before any internal communications such as here involved were forwarded to AEC, H & N's counsel had weighed H & N's obligations to AEC under the contract, and the transmission of the identified items, thereafter, was voluntary.

H & N's attorney Ashford maintains that he reserved his claim of privilege to the above items when he forwarded them to AEC's counsel Fleming. In the absence of statutory protection, under the circumstances here H & N's attempt to reserve privilege while making disclosure was a nullity and did not revive or maintain any privilege.[2]

The court finds, therefore, that the items under question constituted voluntary disclosures thereof to AEC by H & N, and were not made pursuant to any AEC contract or Regulation.

The above conclusions make it unnecessary for this court to explore into the ramifications of the "attorney and client privilege"[3] or defendant's assertion of privilege under the "work product rule."[4]

■ Item 7, supra, is an AEC communication. AEC has made no claim of privilege thereto. It was not a protected communication under the contract or Regulations. Defendant therefore is bereft of any basis upon which it could claim that this item is privileged.

Finding that defendant's disclosure of the items in question was not made under any compulsion of its AEC contract or Regulations that disclosure was voluntary and intentional, and that any possible attorney-client or work product privilege attaching to the papers was destroyed or waived by the disclosure to the AEC, a third party not a party to this action, defendant's motion for protective order as to items 1, 3, 6, 7 and 9 of defendant's

2. 8 Wigmore (McNaughton Rev.1961) § 2286; Zenith Radio Corp. v. Radio Corp. of America, 121 F.Supp. 792 (D.C.Del. 1954).

3. Cf. Conn. Mutual Life Ins. Co. v. Shields, 18 F.R.D. 448, 451 (D.C.S.D.N.Y.1955).

4. Cf. D'Ippolito v. Cities Service, TR ¶ 71,-588 (D.C.S.D.N.Y.1965).

Exhibit A and item 3 of defendant's Exhibit B is denied.

It is hereby ordered that the papers in controversy be produced for plaintiff's inspection.

